SYNDICS OF YARD & BLOIS *vs.* MECHANICS' AND TRADERS'
BANK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An act of pledge of bank stock, to secure the payment of a specified note
    to the bank, and "for the payment of any other note or obligation which
    may be due, or which may become due to said bank, by the pledgors,"
    will not be construed to extend to notes drawn to the order of another
    person, and held by the bank, although one of them was due, and
    protested at the time the pledge was given, but not mentioned in it.

As regards the creditors of the pledgor, an act of pledge is not valid,
    beyond the amount of the notes or debts specifically mentioned in
    the act.

The syndics of Yard & Blois instituted suit against the
Mechanics' and Traders' Bank, to compel the latter to
surrender to them one hundred and fifty shares of stock,
which the insolvents had pledged to secure the payment
of a note of two thousand five hundred and twenty dollars,
which they allege is now paid, and that the defendants
refuse to give up the pledge.

The Bank averred, the stock in question was pledged
on the 17th April, 1834, to secure a note of two thousand
five hundred dollars, by the pledgors, "and any other note or
obligation then due, or to become due from Yard & Blois, to

said institution ; " and that it was the *bonâ fide* holder of three promissory notes, for which Yard & Blois, the pledgors, are bound, and for the payment of which the said stock stands pledged : the first of these notes is for one thousand five hundred dollars, drawn by the pledgors to, and endorsed by T. H. Hearsey, payable sixty days after date, which was the 16th January, 1834; another of similar tenor and amount, due and protested the 9th day of April, 1834, and a third, on which the insolvents were endorsers, for six hundred and ninety-four dollars, protested for non-payment the 22d April, 1834. The bank prayed for judgment on all these notes, and that it be paid by privilege out of the proceeds of the pledge of stock.

Upon these pleadings the cause was tried.

There was no proof that the bank was the owner of the notes set up under the pledge, other than the simple allegations in the answer, and possession of the two of one thousand five hundred dollars each, under protest. The act of pledge is dated the 17th April, 1834, after the last two notes were due.

The District Court decreed the delivery of the pledge of the bank stock in contest, to the syndics, within ten days; and in default thereof, that the bank pay to them the sum of six thousand dollars. The bank appealed.

*Carleton* and *Lockett*, for the plaintiffs.

The act of pledge relied on by the defendants, gave them a privilege only for the amount of the note for which the stock was pledged.

*Sterrett*, for the defendants, contended, that the act of pledge was valid, to all intents and purposes ; and the stock pledged, is liable for all the notes due by the insolvents, and held by the defendants.

2. The syndics of an insolvent, do not stand in a better condition than himself, who would be bound, and could not withdraw the pledge until they paid their notes.

EASTERN DIST.
*June,* 1835.

SYNDICS OF
YARD & BLOIS
*vs.*
MECHANICS' AND
TRADERS' BANK.

61

EASTERN DIST.
June, 1835.

SYNDICS OF
YARD & BLOIS
vs.
MECHANICS' AND
TRADERS' BANK.

3. The act of pledge expressly declares, that it is given to secure the payment of *any other note or obligation, which may be now due, or become due from the pledgors,* to the bank, as drawers or otherwise.

4. This is not an action in avoidance of the contract of pledge; the judgment is therefore erroneous.

*Bullard, J.,* delivered the opinion of the court.

The plaintiffs sue as syndics of Yard & Blois, to recover certain certificates of stock belonging to the insolvents, which had been by them deposited in pledge for a loan from the bank, which they allege has been paid, and they pray, that the bank may be condemned to surrender the stock, or pay the value of it.

The defendants answer, that the stock was pledged, not only to secure the payment of the note of the insolvents, for two thousand five hundred and twenty dollars, which it is admitted has been paid, but, further to secure the payment of any other note or obligation then due, or about to become due; and they allege, that Yard & Blois are indebted to them in the amount of two notes drawn by them to the order of T. H. Hearsey, and another note drawn by one Hervey and endorsed by the insolvents, all of which they allege, have been protested, and are due to the bank, and they pray judgment for the amount of said three notes, to be paid by preference and privilege, out of the proceeds of the stock.

The act of pledge which is under private signature, but passed before the cashier, sets forth, that "Yard & Blois having obtained a discount from the bank on their note, payable to the president, directors and company, for two thousand five hundred and twenty dollars, dated 17th April, 1834, payable sixty days after date, do pledge one hundred and forty shares of the capital stock of said bank belonging to them, on which forty dollars per share had been paid in, &c., to remain and be held as security for the payment of said promissory note, and *for the payment of any other note or obligation which may be now due or become due from us to*

An act of pledge of bank stock to secure the payment of a specified note to the bank, and "for the payment of any other note or obligation which may be due or become due to said bank, by the pledgor's," will not be construed to extend to notes drawn to the order of another person, and held by the

*said bank*, as drawers or otherwise; and as security for the renewal of any part of said sum which may at any time be obtained by said Yard & Blois, from said bank on other notes."

It is not shown, that the notes drawn to the order of Hearsey were the property of the bank. One of them was due and had been protested at the time the pledge was given, and no mention is made of it in the act of pledge, and it appears to us, it was not in the contemplation of the parties, that the pledge should extend to those notes. The plaintiffs represent all the creditors of Yard & Blois, and as relates to them we are of opinion the pledge is not valid beyond the amount of the note, specifically mentioned in the act, according to articles 3124 and 3125 of the Louisiana Code.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Eastern Dist.
*June*, 1835.

As regards the creditors of the pledgor, an act of pledge is not valid beyond the amount of the notes or debt specifically mentioned in the act.