EDWARDS, Judge.
The pleadings, exhibits, affidavits and depositions in the record establish the following pertinent facts, which are not in dispute.
On April 30, 1973, Dr. C. D. Alford and Mrs. Margaret W. Alford (husband and wife) both signed three documents: a collateral mortgage note in the amount of $155,000; a collateral mortgage in the same amount on a certain piece of immovable property which was Mrs. Alford’s separate property; and a written act of pledge which pledged the collateral mortgage note as security for a hand note in the amount of $155,000. The hand note, also executed that date, was signed only by Dr. Alford and was made payable to plaintiff.
The act of pledge recited in pertinent part:
. . Borrowers declared that as collateral security for a loan extended to them this date by Bank in the amount of $155,000.00 represented by one certain promissory note of even date herewith in the amount of $155,000.00 they do by these presents pledge as security for said note the following collateral, to wit:
(1) One certain collateral note secured by a collateral mortgage in the amount of $155,000.00, dated April 30, 1973
On May 21, 1974, Dr. Alford executed another promissory note for $195,000 payable to plaintiff. Additionally, he alone executed Collateral Pledge Agreement # 149, which purported to pledge inter alia the $155,000 collateral mortgage note as security for the $195,000 hand note.
Subsequently on June 28, 1974, Dr. Alford executed another note in the amount of $275,764.67 payable to plaintiff. This note was secured by Collateral Pledge Agreement # 244, executed by Dr. Alford alone, which inter alia purported to pledge a $155,000 collateral mortgage note dated April 30, 1974.
During this time, the original $155,000 hand note and the $195,000 note were can-celled and returned to Dr. Alford.
On June 30, 1975, Dr. Alford executed another note in the amount of $28,000 payable to plaintiff. This note was also to be secured by Collateral Pledge Agreement # 244.
Difficulties arose regarding payment, and on July 21, 1976, the bank brought this suit against Dr. Alford and Mrs. Alford, in soli-do, for a money judgment and also for recognition of the mortgage. This, however, is not a foreclosure proceeding. Mrs. Alford filed a petition for a writ of mandamus, seeking cancellation of the collateral mortgage, and a motion for summary judgment. The trial court rendered summary judgment in favor of Mrs. Alford, dismissed plaintiff’s suit against her, and rendered judgment issuing a writ of mandamus. Plaintiff appeals.
Plaintiff contends that the trial court erred in two respects: 1) granting Mrs. Alford’s motion for summary judgment; and 2) issuing a writ of mandamus ordering the cancellation of the collateral mortgage executed on April 30, 1973.
Plaintiff’s argument on Mrs. Alford’s motion for summary judgment completely misses the issue.
The true basis for the summary judgment is the lack of Mrs. Alford’s personal liability on the two notes sued upon by plaintiff. In this regard, there is no dispute as to the material issues of fact. Mrs. Alford did not sign either of the two notes sued upon, in fact she did not sign any of the hand notes executed in the course of this transaction. Mrs. Alford’s only actions were the execution of: the collateral mortgage on her separate property; the $155,000 collateral mortgage note; and the act of pledge on April 30, 1973, *702 which was specifically to secure the original $155,000 hand note. As such, she is not a debtor on either of the two notes sued upon.
However, plaintiff contends that Mrs. Alford is personally liable because the notes evidenced debts contracted during the existence of her marriage to Dr. Alford and consequently were community debts.
We find this argument of no consequence. The husband is the proper party to sue to enforce an obligation against the marital community. LSA-C.C.P. art. 735. See LSA-C.C. art. 2402 et seq. Mrs. Alford did not sign any of the debt instruments and is not a debtor on the two notes involved here.
We therefore find that the trial court properly granted Mrs. Alford’s motion for summary judgment.
Next, plaintiff contends that the trial court erred in ordering the cancellation of the collateral mortgage.
The pledge of a collateral mortgage note to secure an indebtedness is a contract. LSA-C.C. art. 3133. This pledge secures only the debt or debts contemplated in the contract between the parties. Durham v. First Guaranty Bank of Hammond, 331 So.2d 563 (La.App. 1st Cir. 1976), and cases therein cited. Also, it is fundamental that one cannot pledge something he does not own, unless with the owner’s consent. LSA-C.C. arts. 3142 and 3145.
In the instant case, the act of pledge executed on April 30, 1973, contemplated that the collateral mortgage was to act as security for one single note, the $155,000 hand note. The act of pledge did not, as plaintiff contends, contemplate that the collateral mortgage would be security for future advances made to Dr. Alford. This obligation of pledge was extinguished with the discharge of the principal obligation. Nathan and Marshall, The Collateral Mortgage, 33 La.L.Rev. 497 (1973). Cf. LSA-C.C. arts. 3137 and 3138. Accordingly, cancellation of the collateral mortgage was proper after the hand note was cancelled, unless the dormant collateral mortgage note was pledged to secure another debt. LSA-C.C. art. 3164; Nathan and Marshall, supra.
Plaintiff contends that the collateral mortgage note was indeed pledged as security for the two notes sued upon, relying on Collateral Pledge Agreement # 244 executed by Dr. Alford alone.
We find no merit in this contention. We do not reach the question as to the effect of the fact that Collateral Pledge Agreement # 244 refers to a collateral mortgage note and an act of pledge dated April 30, 1974, when the ones involved here were dated April 30, 1973.
The significant issue is the fact that Dr. Alford did not own the immovable property which was subject to the collateral mortgage. It is undisputed that the mortgage was on property which was Mrs. Alford’s separate property. Consequently, Dr. Alford alone could not validly repledge the dormant collateral mortgage note and thereby encumber the immovable property. LSA-C.C. arts. 3142, 3145 and 3300.
The trial court therefore properly issued a writ of mandamus ordering the cancellation of the collateral mortgage.
For the above reasons, the judgments appealed are affirmed at plaintiff’s cost.
AFFIRMED.