310 So.2d 691 (1975)
F. Edwin MATTHEW
v.
MELTON TRUCK LINES, INC.
No. 10190.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
*692 Garland R. Rolling, Metairie, for appellant.
Robert L. Kleinpeter, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and YELVERTON, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment dismissing his action for damages to his automobile, pursuant to defendant's peremptory exception of res judicata predicated upon a release granted by Appellant in consideration of payment of the sum of $650.00. We affirm.
Appellant's petition alleges simply that Appellant's automobile (make and model unspecified) was damaged in an accident which occurred on April 8, 1973, when Appellant's car was struck by a vehicle operated by Marion V. Tugger, an employee of defendant, Melton Truck Lines, Inc. (Appellee). It is also alleged that the vehicle being driven by Tugger invaded Appellant's lane of travel. It is further alleged that Appellee's adjustor estimated the damage to Appellant's car in the amount of $496.00, and that Appellee issued Appellant *693 a check in the sum of $650.00 to cover the aforesaid damages, and the additional sum of $150.00 for inconveniences sustained by Appellant. Appellant next alleged he cashed the check believing that additional damages to his automobile, if any, would be paid by Appellee. Finally, Appellant avers his vehicle suffered damages in the additional amount of $2,500.00, for which judgment is sought against Appellee.
Appellee filed an exception of res judicata predicated upon the endorsement and deposit of its check Number 55956, dated April 27, 1973, payable to Appellant in the sum of $650.00, and bearing the following notation on the reverse side thereof:
"Endorsement hereon constitutes a release to Melton Truck Lines, Inc., for any and all claims arising from a loss on or about 4-09-73 at or near Sorrento, Louisiana, Highway No. 61."
It is settled in our jurisprudence that the peremptory exception of res judicata is based on the conclusive legal presumption of the thing previously adjudged between the same parties, and is ordinarily predicated upon a final judgment. LSA-C.C. arts. 2285, 2286, 2287, 3556(31); Bielkiewicz v. Rudisill, La.App., 201 So.2d 136, and cases therein cited.
Equally well established is the rule that parties may enter into transactions or compromises which settle litigation by mutual consent, as authorized by LSA-C.C. art. 3071, which transactions or compromises have effect equal to that of the authority of the thing adjudged. LSA-C.C. art. 3078; Bielkiewicz, above.
A release of a claim or claims, when given in exchange for consideration received therefor is, in effect, a compromise and constitutes the basis of a plea of res judicata. Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911; Bielkiewicz, above. However, the authority of the thing adjudged resulting from a transaction or compromise extends only to those matters which the parties expressly intended to settle. Moak, above; Bielkiewicz, above.
Differences which parties do not intend to settle are unaffected by a compromise or transaction. Thus a release, although granted for consideration and purporting to release all claims for injuries, losses and damages resulting or to result from a particular accident, does not constitute a compromise of claims for personal injuries where there was no intent to release such claims. Moak, above.
A compromise (release for consideration) may not be attacked for an error of law or for lesion. LSA-C.C. art. 3078; Moak, above. Notwithstanding the binding effect of a compromise, such an agreement may be rescinded for: (1) error in the person or on the matter in dispute; (2) fraud, or (3) violence. Moak, above.
Subject release was granted for consideration and purports to be a release of all claims arising from the accident to which it relates. Appellant has not alleged or established error in any regard; neither has Appellant alleged or shown fraud or violence. On the contrary, the record reflects that Appellant offered no testimony or evidence whatsoever, and despite notice, Appellant did not appear at the trial of Appellee's peremptory exception of res judicata.
Appellant's reliance upon Machost v. Brown, La.App., 298 So.2d 109, is clearly misplaced. The cited authority merely reiterates the long established rule that the plea of res judicata is not available as a defense to an action to annul a judgment or compromise. The instant action does not seek nullity of the compromise in question, but rather only to limit the scope or extent thereof.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.