409 So.2d 380 (1982)
FIRST GUARANTY BANK
v.
Max H. DURHAM, Jr., et al.
No. 12266.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1982.
*381 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Herschel L. Abbott, Jr., New Orleans, for defendants-appellees.
Pittman & Matheny, Tom H. Matheny, Christoper Moody, Alton B. Lewis, Hammond, for plaintiff-appellant.
Before REDMANN, GULOTTA and BARRY, JJ.
GULOTTA, Judge.
First Guaranty Bank (the Bank) appeals from the dismissal of its suit against Max H. Durham, Jr. (Durham) and Durham & Lazard (Partnership) for the balance due on a promissory note. In the judgment of dismissal, the trial court maintained Durham's exception of res judicata and further granted defendants' motion for summary judgment. We affirm.
Loans had been made by the Partnership from the Bank before 1970. On November 3, 1971, a promissory note was executed in favor of the Bank in the amount of $17,000.00 and signed "Sidney H. Lazard by Guy W. Smith under P/A".[1] According to the Bank, the note was signed as a partnership obligation given in payment for a previously existing partnership debt. Durham and the Partnership, on the other hand, considered the note as Lazard's personal obligation given in payment for a previously existing partnership debt that he had assumed.
In May, 1972, Durham executed in favor of the Bank a $20,000.00 collateral mortgage note and mortgage on real property owned by him. Again, the parties differed as to the purpose of this device. Durham contended that the collateral mortgage was issued to secure future advances on his personal line of credit with the Bank, whereas the Bank viewed the mortgage as security for payment of the $17,000.00 note.
In November, 1972, Durham executed a note in favor of the Bank for $3,500.00 secured by the collateral mortgage. He subsequently repaid this loan, and thereafter filed suit in Tangipahoa Parish to erase the $20,000.00 collateral mortgage. The Bank reconvened praying for recognition of the mortgage and for judgment in the amount of $12,103.00, the balance owed on the $17,000.00 note. The trial court awarded the Bank a judgment against Durham for the balance due on the note; however, the First Circuit Court of Appeal reversed. The Bank's reconventional demand seeking *382 recognition of the mortgage and the balance due on the note was dismissed.[2]
On July 12, 1976, the Bank filed the instant suit against Durham individually and against the Partnership for the $12,103.00 balance remaining on the $17,000.00 note. In maintaining the exception of res judicata, the trial judge determined that the Bank's reconventional demand in the first-filed suit in Tangipahoa Parish was the same as its demand in the instant suit. In granting the motion for summary judgment filed by the Partnership, the judge further observed that there was no indication in the note that it was executed on behalf of the Partnership, or that Guy Smith, who signed for Lazard, had acted as a mandatary for the Partnership. The trial judge also noted that the Bank had failed to file any affidavits suggesting suretyship or a promise to pay Lazard's debt.
Appealing, the Bank claims initially the trial judge erred in applying res judicata. The Bank points out that in the first-filed suit recognition of the collateral mortgage and connection between the mortgage and the $17,000.00 note were sought; while in the instant suit, the balance on the unsecured $17,000.00 debt is sought. The Bank claims also that, unlike the first-filed suit, the instant case involves a question of guaranty. The Bank further argues that the trial judge erred in granting summary judgment.

RES JUDICATA
The Louisiana Supreme Court has recognized that res judicata under Louisiana law is much narrower in scope than its common law counterpart and is applicable only when the parties, the "cause" and the things demanded are identical.[3] The absence of any of these requirements is fatal to an exception of res judicata. See Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La.1976). Further, res judicata is stricti juris and a second suit is not barred where there is any doubt about the applicability of Article 2286. Lambert v. Maryland Cas. Co., 403 So.2d 739 (La.App. 4th Cir. 1981).
The term "cause of action" used in LSA-C.C. Art. 2286, has been defined by the Supreme Court as "cause" or "the juridical or material fact which is the basis of the right claimed, or the defense pleaded". Thus, it has been held that a plaintiff's earlier suit to nullify a contract for non-payment of rent and for lesion beyond moiety did not bar a second suit for nullity based on the grounds of fraud and lack of consideration, since there was no identity of "cause" to support the plea of res judicata. Mitchell v. Bertolla, supra. See also, Dixon, Et al, "Res Judicata in Louisiana Since Hope v. Madison, 51 Tul. Law Review 611 (1977). However, res judicata does not depend on the appellate court's opinion in litigation between the same parties on the same cause of action, but on "what was the object of the judgment", (emphasis added), on whether the "thing demanded [is] the same," LSA-C.C. 2286.
The cause asserted in the first-filed suit in Tangipahoa Parish filed by Durham against the Bank and the clerk of court is the erasure of the collateral mortgage. The Bank, in reconvention, prayed for judgment against Durham for the balance due on the promissory note and recognition that the $17,000.00 note was secured by the collateral mortgage. The First Circuit Court of Appeal stated in its opinion that the "only" issue facing the court was "the effect of the collateral mortgage and collateral mortgage note" executed by Durham. However, the decree not only reverses the trial court on *383 that "security claim" but also reverses a judgment against Durham for the $12,103.00 balance on the note here sued on, by granting "further judgment dismissing the reconventional demand of said defendant." There exists an inconsistency in the issue as posed by our brothers on the First Circuit in the body of the opinion and the decree. Nevertheless, the Supreme Court in denying writs decided "the judgment is correct."
Res judicata applies as to Durham because the Bank, by reconventional demand on the earlier suit, has already sued Durham to recover the balance owing on the note. The object of the judgment and the thing demanded (balance owed on the note) are the same.

SUMMARY JUDGMENT
The summary judgment was also correct in dismissing this suit as to the Partnership. This is a suit on a note (and an alleged "guarantee" thereof by a partner individually). The note's maker's signature is "Sidney H. Lazard by Guy W. Smith under P/A." The partnership of Durham and Lazard did not even purport to sign the note anywhere, and the then law, former LSA-R.S. 7:18 (like present law, LSA-R.S. 10:3-401), provides that no person is liable on an instrument whose signature does not appear thereon. Thus the Partnership cannot be liable on the note. It is not even argued (much less alleged) that the Partnership guaranteed the note. There is no basis upon which a judgment could be rendered against the Partnership on this note.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] Smith was acting under the written power of attorney granted by Lazard.
[2] Durham v. First Guaranty Bank of Hammond, 331 So.2d 563 (La.1976), writ denied, 334 So.2d 431 (1976).
[3] LSA-C.C. Art. 2286 provides:

"Art. 2286. Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."