CURRAULT, Judge.
Yvonne Sevin, plaintiff, was injured on February 15,1974, when the automobile she was driving was struck from the rear by an automobile driven by Richard Gallois. After the accident, being unable to determine if Mr. Gallois was insured, Mrs. Sevin attempted to process her claim through her own insurer Allstate Insurance Company. Before it was determined Mr. Gallois did in fact have liability insurance, a claims adjuster for Allstate offered to pay Mrs. Sev-in’s medical expenses under the provisions of the uninsured motorists coverage of her policy. On March 7, 1979, Allstate Insurance Company issued to Mrs. Sevin a draft in the sum of $290.00. The face of the *602 check contained the notation “In payment of any and all bodily injury received due to accident of February 15, 1979 under uninsured motorists section.” The plaintiff accepted this check and deposited it in her checking account.
Subsequently suit was filed against Mr. Richard Gallois, his insurer, the Safeco Insurance Company and Allstate Insurance Company. A settlement was reached between the plaintiff-appellant and Richard Gallois and Safeco Insurance Company for the sum of $4,500.00. Mrs. Sevin through counsel then sought to pursue her claim against Allstate Insurance Company, her uninsured motorists carrier. Allstate filed a motion for summary judgment alleging the plaintiff released her claims against Allstate Insurance Company by entering into an accord and satisfaction; the acceptance of the $290.00 draft. The trial judge granted the motion and the plaintiff has appealed.
The defendant-appellee argues the criteria of accord and satisfaction have been met. Although the concept of accord and satisfaction is one based in common law, it has over the years managed to creep into Louisiana cases despite a codal provision governing compromises.
In Louisiana National Bank of Baton Rouge v. Heindel, 365 So.2d 37, 38 (La.App. 4th Cir. 1978) the court held:
For accord and satisfaction to occur, a debtor must tender payment to a creditor in full satisfaction of a disputed claim, and the creditor in turn must accept the tender. As in any other contract, acceptance of the offer must be an informed consent. Whether the creditor was fully informed of the nature of the compromise offered by the tender must be determined by the circumstances.. . .
The issue here is whether the plaintiff (creditor) was fully informed of the nature of the compromise offered by the tender. Although the testimony of Mrs. Sevin reflects she knew this was to be the only payment under the uninsured motorists provisions of her policy, nothing before the trial judge indicated she was aware of the underinsured motorist provisions, or that she intended to release Allstate Insurance Company from all liability. This is especially important since her claim against Mr. Gallois was limited due to his being under-insured. It is inconceivable that the claim could be settled when the medical reports contained in the record reflect that at the time of receiving the draft, she was under the care of a physician and had scheduled future appointments.
It is well established in our jurisprudence that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Dixie Campers, Inc. v. Veseiy Company, 398 So.2d 1087 (La.1981); LSA-C.C.P. Art. 966. Further, the burden is upon the mover of summary judgment to demonstrate there is no genuine issue of material fact and that any doubt as to the existence of a material fact must be resolved against the granting of a summary judgment and in favor of a trial on the merits. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977).
Summary judgment is rarely the appropriate procedure for determining intention and intention is the crux of the issue in the instant case. Was plaintiff aware this would be a release of Allstate as to all liability including that covered by the under-insured motorist provisions of her policy? We think not as the pleadings and exhibits offered into evidence fail to affirmatively establish that an offer to compromise in the form of a draft restricted on its face was accepted by the creditor fully informed as to the import of its tender.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded for further proceedings consistent with the views herein expressed. All costs are to await the final disposition of this matter.
REVERSED AND REMANDED.