422 So.2d 693 (1982)
Felton HALFORD, Plaintiff-Appellant,
v.
Peggy DUGAS, et al., Defendants-Appellees.
No. 82-304.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*694 Gordon Hackman, Boutte, for plaintiff-appellant.
Roy, Forrest & Lopresto, Alex Lopresto, III, New Beria, Davidson, Meaux, Sonnier, McElligott, Richard C. Meaux, Lafayette, for defendants-appellees.
Before DOUCET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff, Felton Halford, appeals an adverse ruling of the lower court on a peremptory exception of res judicata. The lower court sustained the exception filed by defendant, Bernard Flynn and dismissed all claims by Halford against Flynn. We affirm. The sole issue on appeal is whether the trial court properly sustained the peremptory exception of res judicata.
The record reveals that on April 11, 1979, Felton Halford was involved in an automobile accident. As a result of this accident, Halford filed suit on September 14, 1979, naming Peggy Dugas and USAA Casualty Insurance Company as defendants therein. On April 11, 1980, Halford filed a Supplemental and Amending Petition naming Bernard Flynn and State Boat Company as additional defendants. On May 12, 1980, a "Judgment of Dismissal" was signed by the trial judge. This Judgment of Dismissal was signed by counsel for plaintiff and by counsel for the defendants. It purports to be "On motion of all parties to this action...". It states that all issues have been compromised and it orders an unqualified dismissal of Halford's suit with full prejudice to all his rights. After the judgment of dismissal, Halford attempted to pursue his claim against Flynn. Flynn filed a peremptory exception of res judicata which was sustained by the trial court.
Halford asserts that the judgment of dismissal with full prejudice was not intended to release Flynn, but was only intended to be a release of defendants Peggy Dugas and USAA Casualty Insurance Company with whom Halford had reached a compromise. This argument is made despite the fact that the judgment of dismissal contained an unqualified dismissal of all claims of Halford and despite the fact that the judgment states that it is on motion of "all" parties to the action of which Flynn was included.
It is well established that parties may enter into transactions or compromises which settle litigation by mutual consent and these transactions have effect equal to that of the thing adjudged. LSA-C.C. Articles 3071, 3078; Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir. 1975).
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties and they may not be attacked for an error of law or lesion but may be rescinded for: (1) error in the person or on the matter in dispute; (2) fraud, or (3) violence. LSA-C.C. Article 3073 and 3079; Matthew v. Melton Truck Lines, Inc., supra.
A reading of the judgment shows that the parties contemplated a complete bar to any further action by the parties. Halford has neither alleged or established error in any regard nor has he alleged or shown fraud or violence.
We conclude that the unconditional judgment of dismissal with full prejudice bars Halford from pursuing his claim against Flynn.
The judgment of the lower court sustaining the peremptory exception of res judicata is affirmed and all costs are to be assessed to plaintiff, Felton Halford.
AFFIRMED.