451 So.2d 142 (1984)
Dr. Rodney HIGGINS
v.
STATE of Louisiana, DEPARTMENT OF HEALTH & HUMAN RESOURCES d/b/a Charity Hospital of La. and Rockwood Insurance Company.
No. 83 CA 0624.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Rehearing Denied June 29, 1984.
*143 Leo Herrington, Baton Rouge, for plaintiff-appellee Dr. Rodney Higgins.
A. Clay Pierce, Jr., Baton Rouge, for defendants-appellants State of Louisiana, Dept. of Health & Human Resources d/b/a Charity Hosp. of La. and Rockwood Ins. Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment of the Nineteenth Judicial District Court, Parish of East Baton Rouge, on a rule to show cause. Plaintiff-appellee, Dr. Rodney Higgins, was awarded, among other items of damage, $37,464.00 for the non-professional nursing care rendered to him by his mother, Mildred Higgins, from January 11, 1980April 18, 1982, at the rate of $3.50 per hour.
The original trial on the merits in this case determined that Dr. Higgins, while an intern at Charity Hospital in New Orleans, contracted in the course and scope of his employment, viral encephalitis, rendering him permanently and totally disabled under Workmen's Compensation.
Defendants-appellants, the State of Louisiana, Department of Health and Human Resources d/b/a Charity Hospital of Louisiana, and Rockwood Insurance Company, have appealed the judgment on the rule, specifying as error that (1) the District Court erred in failing to rule that the claim for nursing services rendered by Mrs. Higgins had been compromised by a previous stipulation and stipulated judgment (both *144 filed August 10, 1982) and that, accordingly, their exception of res judicata should have been sustained, and (2) alternatively, Dr. Higgins failed to adequately prove his claim.[1]
On August 10, 1982, the State entered into a stipulation with Dr. Higgins as to the payment by the State of certain medical expenses, including nursing services amounting to $8,435.00. Prior to this stipulation, Dr. Higgins had been awarded judgments for other nursing services on two occasions. The State contends that the August 10, 1982, stipulation for $8,435.00 was a compromise sufficient to bar, under the theory of res judicata, the subsequent demand for $58,719.50 for nursing services rendered by Dr. Higgin's mother.[2]
A compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent. LSA C.C. art. 3071. As noted in the recent case of Smith v. Leger, 439 So.2d 1203, 1206 (La.App. 1st Cir.1983):
A compromise agreement extends only to those matters which the parties expressly intend to settle. La.C.C. art. 3073; Matthews v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir. 1975). Ordinarily, the meaning and intent of the parties to a written contract (such as a written compromise agreement) must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir. 1982), writ denied, 422 So.2d 423 (La. 1982). An exception to this rule exists when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement. La.C.C. art. 3079; Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Munna v. Mangano, 404 So.2d 1008 (La. App. 4th Cir.1981).
A compromise or transaction has, between the parties, the effect of a thing adjudged. LSA C.C. art. 3078. A release of a claim in exchange for consideration received is, in effect, a compromise which can constitute the basis of a plea of res judicata. Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir.1975).
The requisites necessary to sustain a plea of res judicata are enumerated in LSA C.C. art. 2286: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." The absence of any one of these elements is fatal to an exception of res judicata; further, res judicata is stricti juris and a second suit is not barred where there is any doubt as to the applicability of Article 2286. First Guaranty Bank v. Durham, 409 So.2d 380 (La.App. 4th Cir. 1982).
The record reveals that, although the charges for nursing services performed by Mrs. Higgins arose prior to the stipulation of August 10, 1982, that stipulation was not intended tonor did itencompass the services performed by Mrs. Higgins. Therefore, the State's exception of res judicata was properly overruled because the thing demandedthe claim for the nursing services of Mrs. Higginshad never been demanded previously.
The August 10, 1982, stipulation was a compromise of claims which included a demand for nursing services in the amount of *145 $8,435.00. Although the total amount of these claims was compromised for less than originally demanded, the nursing services portion of that claim was settled for the same $8,435.00 amount.
The August 10, 1982, stipulation on nursing services in the amount of $8,435.00 was demanded by rule filed on May 12, 1982. The rule demanding $58,719.50 for the services of Mrs. Higgins was filed on November 12, 1982.[3] It is hard to believe that, if the first claim did encompass services provided by Mrs. Higgins, that Dr. Higgins would not have asserted a claim for the greater amount, or that the first claim could have grown from $8,435.00 to $58,719.50 from May of 1982 to November of 1982. In fact, the testimony of Mrs. Higgins on the subsequent rule and the records of Mrs. Higgins introduced into evidence indicate that the services of Mrs. Higgins charged for ended on April 18, 1982, which was even prior to the filing of the rule on May 12, 1982, for the $8,435.00 nursing services.
More importantly, we note that the same trial court judge who presided over the original trial and the subsequent rules in this case, and who was accordingly familiar with the previous charges for nursing services, found as a matter of fact on the hearing of the plea of res judicata that the court had never before considered the charge by Dr. Higgins for the particular services rendered by Mrs. Higgins. On this basis, the trial court judge properly overruled the exception of res judicata and the alternative plea of compromise. The well-established rule is that the factual determinations of the trial court are afforded much weight and are not to be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We further find that the State's assignment of error that Dr. Higgins failed to adequately prove his claim is equally without merit, given the evidence introduced on the rule as to Mrs. Higgin's time. Mrs. Higgins testified at the hearing on the rule, and was duly cross-examined by counsel for the State. We have read the record and are satisfied that the trial court judge ruled in accordance with the law and the evidence.
For the foregoing reasons, we affirm the judgment of the court below. All costs of this appeal are to be paid by defendants-appellants.
AFFIRMED.
NOTES
[1] In his brief, counsel for Dr. Higgins argues that the trial court erred in (1) failing to award the full amount sought for the non-professional nursing care services rendered by Dr. Higgin's mother and (2) failing to grant Dr. Higgins penalties and attorney's fees sought in connection with the subject rule. However, counsel for Dr. Higgins neither appealed nor answered the appeal to request such modification. Therefore, we cannot consider these items. LSA C.C.P. art. 2133.
[2] The trial court awarded $37,464.00 for the nursing services of Mrs. Higgins.
[3] Mrs. Higgins based her charges on records kept in her calendar contemporaneously with her work.