458 So.2d 644 (1984)
ELDER FOREST PRODUCTS, INC., Plaintiff-Appellant,
v.
B & F LUMBER & SUPPLY COMPANY, INC., Defendant-Appellee.
No. 83-991.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*645 Thomas, Dunahoe & Gregory, Edwin Dunahoe, Natchitoches, for defendants-appellants-appellees.
Russell T. Tritico, Lake Charles, for plaintiff-appellant.
Luster & Conine, John W. Luster, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
CUTRER, Judge.
This appeal presents the question of the applicability of res judicata.
Elder Forest Products, Inc. (Elder) filed suit on an "open account" against B & F Lumber & Supply Co., Inc. (B & F) in the sum of $6,018.14 for the purchase price of building materials sold by Elder to B & F. B & F filed a third party demand against George Minturn to whom the material was sold.
B & F and Minturn filed exceptions of res judicata which were maintained by the trial court. Elder appeals the dismissal of its suit. We affirm.

FACTS
By way of background, the following facts are undisputed:
In September 1979, Minturn was in the process of constructing a dwelling that was to be covered with a redwood siding. Minturn purchased the siding from B & F for the price of $7,875.00. B & F acquired the siding from a dealer, Elder, who purchased it from the manufacturer, Louisiana-Pacific Corporation. The siding was installed by Minturn on his residence. Soon afterward, Minturn noticed that the redwood warped after it had been rained on.
Minturn then filed a redhibitory action against B & F seeking damages in addition to the purchase price. B & F filed a third party demand against Elder who, in turn, third partied Louisiana-Pacific. Minturn then amended his petition naming as additional defendants, Elder and Louisiana-Pacific and their insurers.
In this redhibition suit, a compromise was reached wherein Elder, Louisiana-Pacific and their insurers paid Minturn $15,000.00 as a settlement of all claims by Minturn arising out of the faulty siding.
As a result of the compromise, a judgment was rendered in July 1982, dismissing Minturn's demand and also all third party demands.
On September 10, 1982, Elder filed this "open account" suit against B & F for the purchase price of the siding.
The issue presented in this case is the applicability of res judicata to the facts above.
B & F and Minturn contend that the compromise of the redhibition suit and the agreed dismissal of the claims of all parties was intended to be a full and final settlement of all claims and that any subsequent claims arising from the purchase of the siding is barred by the doctrine of res judicata. Although the doctrine of res judicata is normally based on the conclusive legal presumption of "the thing adjudged" between the same parties, the doctrine is also applicable where a transaction or settlement of a disputed or compromised matter has been entered into between the parties. Thompson v. Bank of New Orleans, etc., 422 So.2d 230 (La.App. 4th Cir.1982); *646 Hancock v. Lincoln American Life Insurance Co., 278 So.2d 561 (La.App. 1st Cir. 1973), writ den., 281 So.2d 754 (La. 1973); Bieliewicz v. Rudisill, 201 So.2d 136 (La. App. 3rd Cir.1967). It is well established that parties may enter into transactions or compromises which settle litigation by mutual consent and these transactions have effect equal to that of the thing adjudged. Halford v. Dugas, 422 So.2d 693 (La.App. 3rd Cir.1982); Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir.1975); LSA-C.C. articles 3071, 3078.
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties and they may not be attacked for an error of law or lesion but may be rescinded for: (1) error in the person or on the matter in dispute; (2) fraud, or (3) violence. Halford v. Dugas, supra; Matthew v. Melton Truck Lines, Inc., supra; LSA-C.C. articles 3073, 3079.
Elder argues that the release agreement was not intended to cover the claim for the purchase price of the redwood. Elder asserts that the release applied only to the claim of redhibition and did not apply to the sale for which a price is due.
In order to ascertain whether there was an intent of the parties here to release the claim for the price of the redwood, we look to the judgment of dismissal which was signed by all of the parties. The agreement states in part as follows:
"NOW INTO COURT, through their undersigned counsels, come and appear GEORGE MINTURN, plaintiff, B & F LUMBER & SUPPLY COMPANY, INC., defendant and third party plaintiff, ELDER FOREST PRODUCTS, INC. and its insurer, RELIANCE INSURANCE COMPANY, defendants and third party plaintiffs, and LOUISIANA-PACIFIC CORPORATION, defendant, and with respect represent to the Court that all incidental demands, in the above captioned matter have been settled and compromised, and that all parties wish this matter to be dismissed:
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that there be judgment herein dismissing the main demands of the plaintiff, GEORGE MINTURN, against the defendants, B & F LUMBER & SUPPLY COMPANY, INC., ELDER FOREST PRODUCTS, INC., RELIANCE INSURANCE COMPANY and LOUISIANA-PACIFIC CORPORATION, and further dismissing all incidental demands of B & F LUMBER & SUPPLY COMPANY, INC. and ELDER FOREST PRODUCTS, INC., and RELIANCE INSURANCE COMPANY, with prejudice, as having been settled and compromised." (Emphasis added.)
The original redhibitory action presented the question of whether the purchase price of the siding was due since a defective condition existed. This question of purchase price threaded its way through the main demand and all third party demands between the parties. The judgment of dismissal, approved by counsel for all parties, dismisses the demands of all the parties (Elder, B & F and Minturn) as having been compromised and settled. This judgment of dismissal, along with the release signed by Minturn, clearly reflects that the parties (including Elder) intended to release each other from any further claims arising out of the subject matter. The trial court correctly sustained the exceptions of res judicata.
For these reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be paid by plaintiff-appellant, Elder Forest Products, Inc.
AFFIRMED.