BOWES, Judge.
Appellant Patricia Sauerwin appeals a judgment of the District Court granting *450 defendant State Farm Mutual Automobile Insurance Company’s exception of Res Ju-dicata and dismissing her case. We affirm.
On July 30, 1984, plaintiff was involved in an automobile collision with defendant Garnett Bedenbaugh. Mr. Bedenbaugh was insured by State Farm. Shortly after the accident, plaintiff was contacted by defendant’s claims representative, Faye Williams. Ms. Williams testified that Mrs. Sauerwin told her at that initial interview that she (Mrs. Sauerwin) was going to her doctor to have X-rays taken. Ten days later, Mrs. Sauerwin visited Ms. Williams at her office and informed the adjuster that Sauerwin’s doctor had examined plaintiff, that there were no problems and that there was no need for treatment. At that time, the adjuster was presented with a medical bill of $90.00. Ms. Williams offered to compromise the entire claim for $140.00. A release was executed by Mrs. Sauerwin and witnessed by her husband, whereupon a check for the amount of $140.00 was issued to plaintiff. Plaintiff endorsed and negotiated the check.
On July 9,1985, plaintiff filed the subject lawsuit. State Farm urged the exception of res judicata, offering the release and check as evidence of a compromise settlement.
On the trial of the exception, the evidence consisted of copies of the release, negotiated check, and the testimony of Ms. Williams. Plaintiff did not appear at trial nor introduce any evidence to counter that of the defendants.
On appeal, plaintiff suggests that “the record does not establish that an offer of compromise was accepted by a creditor fully informed of the impact of its tender.” The plaintiff further avers that plaintiff was under the care of a physician and subsequently had surgery as a result of the accident, likening the situation to the case of Sevin v. Gallois, 416 So.2d 601 (La.App. 5th Cir.1982). That case is distinguishable from this one in several respects, not the least of which is that in Sevin plaintiff had filed medical reports in the record which indicated she was under the continuing care of a physician. The record here is utterly devoid of any such evidence. Further, the plaintiff in Sevin testified as to her understanding of the release which she signed; again, here, we do not have the benefit of Mrs. Sauerwin’s perception of the settlement, although we note that plaintiff had ample opportunity to present any supporting evidence.
Louisiana R.S. 13:4231, formerly Civil Code article 2286, states:
Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The First Circuit, in Higgins v. State of Louisiana, Department of Health and Human Resources, 451 So.2d 142 (La.App. 1st Cir.1984), outlined the jurisprudence with respect to compromise and the exception of res judicata;
A compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent. LSA C.C. art. 3071. As noted in the recent case of Smith v. Leger, 439 So.2d 1203, 1206 (La.App. 1st Cir.1983):
A compromise agreement extends only to those matters which the parties expressly intend to settle. La.C.C. art. 3073; Matthews v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir.1975). Ordinarily, the meaning and intent of the parties to a written contract (such as a written compromise agreement) must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La. App. 1st Cir.1982), writ denied, 422 So.2d 423 (La.1982). An exception to this rule exists when there is a dispute between the parties as to exactly what *451 matters were intended to be settled by the compromise agreement. La.C.C. art. 3079; Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Munna v. Mangano, 404 So.2d 1008 (La.App. 4th Cir. 1981).
A compromise or transaction has, between the parties, the effect of a thing adjudged. LSA C.C. art. 3078. A release of a claim in exchange for consideration received is, in effect, a compromise which can constitute the basis of a plea of res judicata. Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La. App. 1st Cir.1975).
The requisites necessary to sustain a plea of res judicata are enumerated in LSA C.C. art. 2286: “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” The absence of any one of these elements is fatal to an exception of res judicata; further, res judicata is stricti juris and a second suit is not barred where there is any doubt as to the applicability of Article 2286. First Guaranty Bank v. Durham, 409 So.2d 380 (La.App. 4th Cir.1982).
The release in the present case settled “any and all claims, disputed or otherwise, on account of the injuries and damages above-mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.”
The petition filed by plaintiff seeks damages for that same accident, which damages are for medical expenses, physical and mental pain and suffering, and “earning capacity loss.” In the absence of any evidence to the contrary, we are compelled to conclude that the compromise in question extended to these matters, as per the testimony of Ms. Williams.
All other elements of R.S. 13:4231 being met on the face of the petition, we find the trial court was correct in maintaining the exception of res judicata and dismissing plaintiff’s cause of action.
Therefore, the judgment of the trial court is affirmed. Appellant is taxed with all costs of this appeal.
AFFIRMED.