513 So.2d 336 (1987)
Charles ELLISON
v.
Joseph T. MICHELLI, XYZ Insurance Company And Allstate Insurance Company.
No. CA-6101.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1987.
*337 Michael E. Katz, Gregory P. Beron, New Orleans, for plaintiff-appellant.
Law Offices of Richard E. Britson, Jr., Deanna A. Dean-Badeaux, New Orleans, for defendants-appellees.
Before SCHOTT, CIACCIO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Appellant Charles Ellison appeals a judgment of the District Court granting defendants' exception of res judicata based upon a release plaintiff executed in favor of defendants. We affirm.
The record reflects that on July 14, 1985, Charles Ellison, was involved in an accident in which his vehicle was struck by an automobile owned and operated by defendant, Joseph T. Michelli. Ellison met with an Allstate[1] claims adjuster on July 17, 1985 and after negotiations signed a "Release of all Claims (Open Medical)" form in which he agreed to accept $250.00 in return for his discharge of Michelli and Allstate from any personal injury or damage claims resulting from the accident. The release also stated that any additional reasonable medical expenses resulting from the accident would be paid in an amount up to $500 if claimed within 60 days of the signing of the agreement. Ellison was presented with a draft from Allstate for $348.00 which included the $250.00 for any bodily injury and $98.00 compensation for the loss of the use of his automobile while it was being repaired.
On July 24, 1985 plaintiff executed a second release for $200.00 in discharge of any property damage claims. He was, in fact, presented with drafts for $875.00 and $342.00 in satisfaction of damages sustained to his automobile.
Plaintiff filed suit against Michelli and Allstate on February 16, 1986 seeking damages in the amount of $117,000. (Past medical expenses: $2,000.00; future medical expenses: $5,000; mental pain and anguish: $50,000; physical pain and suffering: $50,000; lost wages and impairment of earning capacity: $10,000).
The defendants subsequently filed an exception of res judicata alleging that the matter in controversy had already been compromised and settled. After a hearing in which both the plaintiff and the Allstate claims adjuster testified the trial court sustained the exception.
On appeal plaintiff maintains that the exception of res judicata was sustained in error as the release executed in favor of Allstate by plaintiff was tainted by vices affecting consent. Plaintiff argues that the July 17, 1985 release was not fully explained to him by the Allstate adjuster and that he thought he was signing a release for reimbursement of medical expenses only. Plaintiff alleges that he did *338 not understand the document to be a waiver of his right to seek further recovery for related losses due to his personal injury.
The requisites necessary to sustain a plea of res judicata are enumerated in LSA-R.S. 13:4231 (formally LSA C.C. Art. 2286):
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The absence of any one of the above elements is fatal to an exception of res judicata. First Guaranty Bank v. Durham, 409 So.2d 380 (La.App. 4th Cir.1982). While the doctrine of res judicata is normally based on a conclusive legal presumption of "the thing adjudged" between the same parties and is ordinarily predicated upon a final judgment, the doctrine is also applicable where a transaction or settlement of a disputed or compromised matter has been entered into between the parties. LSA-C.C. art. 3071; Thompson v. Bank of New Orleans and Trust Co., 422 So.2d 230 (La.App. 4th Cir.1982).
A release of a claim in exchange for consideration received is, in effect, a compromise which constitutes the bases of a plea of res judicata. Higgins v. State Dept. of Health & Human Resources, 451 So.2d 142 (La.App. 1st Cir.1984), writ denied 460 So.2d 607. However, a general release will not bar recovery for those aspects of a claim not intended to be covered by the release. Henderson v. Stansbury, 372 So.2d 1253 (La.App. 3rd Cir.1979). Additionally, it has been held that a release, although granted for consideration and purporting to release all claims for injuries, losses and damages resulting from a particular accident, does not constitute a compromise of claims where there was no intent to release such claims. LSA-C.C. art. 3073; Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Thompson v. Bank of New Orleans, Etc., supra. Saunders v. New Orleans Public Service, Inc., 387 So.2d 603 (La.App. 4th Cir.1980).
Plaintiff relies heavily on Sevin v. Gallois, 416 So.2d 601 (La.App. 5th Cir.1982) to support his position that the "compromise" was invalid due to a vice of consent. The Sevin case came before the court on a motion for summary judgment rather than on an exception of res judicata. In Sevin the plaintiff, initially believing that the tortfeasor had no insurance, accepted a $290.00 draft from her own uninsured motorist carrier for medical expenses. The draft contained the notation "In payment of any and all bodily injury received due to accident on February 15, 1979 under uninsured motorist section." Although plaintiff cashed the draft, she did not sign a release. She subsequently effected a settlement with the tortfeasor and his insurance company and then filed suit against her own insurer relative to the underinsured motorist provisions. Plaintiff claimed that it was never her intention to waive her rights to seek full recovery since she was at the time of the draft issuance under continuing medical care stemming from injuries received in the accident. The court held that there was no evidence in the record indicating that plaintiff intended to release the insurance company of all liability. The court found that summary judgment was inappropriate because intent and informed consent were issues of material fact which had yet to be determined.
Unlike the plaintiff in Sevin, plaintiff in the instant case signed two separate releases and accepted and negotiated three separate drafts. The draft in question noted: "Full settlement for claim arising from accident July 14, 1985 and loss of use (sic) bodily inj." The release signed by plaintiff specifically discharged the defendants from all personal injury or property damage claims resulting from or which could later result from the accident.[2] At the time of *339 the execution of the release plaintiff had not yet been examined by a physician, nor had he incurred any medical bills. Ellison, who was in the military at the time of the accident, admitted at trial that he had read the release before signing. The Allstate adjuster testified that although Ellison complained of minor neck pain and planned to consult a navy physician, he reported that the injury was not serious and that he was primarily concerned with the repair of his automobile. The adjuster recommended that he accept in addition to his property damage settlement, enough compensation to cover any deductible incurred on his military insurance. She further testified that the terms of each release were fully explained to Ellison including the discharge from all present and future claims regarding personal injury.
In similar cases where such releases have been executed, the courts have found them binding absent such impediments as plaintiff's inability to read or understand the agreement. Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir.1975); Henderson v. Stansbury, supra; Sauerwin v. State Farm Mut. Auto Ins. Co., 490 So.2d 449 (La.App. 5th Cir.1986).
Compromises are favored in the law and the burden of proving the invalidity of a compromise is on the party attacking the agreement. Saunders v. New Orleans Public Service, Inc., supra. When there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, the appellate court should not disturb this factual finding on review in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
In the instant case, we do not find that plaintiff has met his burden. The evidence supports the conclusion that plaintiff was not at an intellectual disadvantage and that he was fully capable of and did understand the terms of the agreement. The intent of both parties concerning the scope of the transaction is readily apparent as both the check issued by the insurer and the release executed by plaintiff clearly indicated that the payment was intented to be in full settlement of the claims.
Therefore, we agree with the trial court that the documents signed by plaintiff accurately reflect the intent of the parties, which was to settle all aspects of the claim.
For the foregoing reasons the judgment of the District Court sustaining the exception of res judicata is affirmed.
AFFIRMED.
NOTES
[1] Allstate is the insurance carrier for both Ellison and Michelli.
[2] RELEASE OF ALL CLAIMS (Open Medical) THIS INDENTURE WITNESSETH that Charles Ellison in consideration of the sum of $250.00, receipt whereof is hereby acknowledged, do hereby for my heirs, personal representatives and assigns, release and forever discharge Joseph T. Michelli, Allstate Ins and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives or assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damages of any kind sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 14th day of July 1985, at or near Behrman Hwy and Carol Sue, Gretna, La.

But this release does not apply to reasonable expenses up to $500.00 for necessary medical and hospital services which shall be rendered within 60 days after the date of this release to treat injuries received by me in the accident described above.
I understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representatives might hereafter assert because of said accident.