569 So.2d 1115 (1990)
Johnny BARNHILL, Plaintiff-Appellant,
v.
CONSOLIDATED MEDICAL, DISABILITY & LIFE TRUST, Defendant-Appellee.
No. 89-488.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Writ Denied January 11, 1991.
Wm. Henry Sanders, Jena, for plaintiff-appellant.
Gaharan & Wilson, Joe Wilson, Jena, for defendant-appellee.
Before GUIDRY, LABORDE and KING, JJ.
GUIDRY, Judge.
Plaintiff-appellant, Johnny Barnhill, appeals a judgment of the trial court dismissing his suit for medical insurance benefits, penalties and attorney's fees.
Johnny Barnhill, a long time employee of Louisiana-Hunt Petroleum Corporation (hereafter Louisiana-Hunt) and its predecessor, Placid Oil, was injured during the course and scope of his employment on July 17, 1983. He subsequently sustained injuries in a non-job related automobile accident on January 24, 1985. One week later, on January 31, 1985, Barnhill was released to return to work by the doctor treating him for the July 1983 job-related accident. Barnhill never returned to work and, in April 1985, Hunt terminated Barnhill's employment.
In connection with the two accidents, Barnhill filed four separate law suits: Barnhill v. Louisiana-Hunt Petroleum Corporation; Barnhill v. Life Insurance Company of the Southwest; Barnhill et ux v. Continental Dredging Company; and, the instant suit. The three suits first referred to are not made a part of the record.
In addition to the mandated worker's compensation coverage, Hunt afforded its employees group hospitalization and long term disability coverages, both of which were administered by Consolidated Medical, Disability and Life Trust (hereafter Consolidated).
The suit against Louisiana-Hunt was for worker's compensation benefits and related medical expenses arising out of the July 1983 accident. The suit filed against Life Insurance Company of the Southwest sought disability benefits arising from both accidents. The suit filed against Continental Dredging Company was a tort suit in connection with the January 1985 accident. The latter suit was tried to a jury which returned a verdict in May 1985 in favor of the defendant. Plaintiff's suits against Louisiana-Hunt and Life Insurance Company of the Southwest were settled by a compromise agreement executed October 15, 1985. In his well written reasons for judgment, the trial judge observed:
"... The judgment in the Louisiana-Hunt case reads partially as follows:
`IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Johnny Barnhill and against Louisiana-Hunt Petroleum Corporation in the full sum of $3,192.95, in addition to $14,201.00 in compensation and $8,843.92 in medical *1116 expenses heretofore paid, in full settlement, compromise and discharge of any and all liability which exists or which might exist by Louisiana-Hunt Petroleum Corporation, its insurers, its agents, representatives, officers, stock holders, directors, and employees whether by way of compensation, medical, surgical or hospital expenses, damages and all other amounts, if any, which might be due Johnny Barnhill by reason of the alleged accident of July 17, 1983 or any accident prior to the date hereof, whether the liability, if any, be in damages, tort, compensation or otherwise or whether the liability, if any, arose under the laws of the State of Louisiana, or any state of the United States or of the laws of the United States ...
Judgment-Barhill [sic] vs. Louisiana-Hunt Petroleum Corporation, Docket No. 21,157, 28th Judicial Distirct Court, LaSalle Parish, Louisiana, dated October 15, 1985. (Emphasis Added).'"
The trial judge further remarked:
"On the same date Johnny Barnhill executed a receipt and release which contained the following language:
`... the consideration being contractual and not merely recital, and there being no promise or agreement for future employment or for anything other than the consideration hereinabove stated, the aforesaid controversies and claims are hereby compromised and settled and appearer, for himself, his heirs and assigns, does expressly release and forever discharge Life Insurance Company of the Southwest, Consolidated Medical Disability and Life Trust, Louisiana-Hunt Petroleum Corporation, its agents, employees, assigns, insurers, and any and all other persons, firms or corporations obligated, directly or indirectly, for the payment of disability benefits under the long term disability plan provided by Consolidated Medical, Disability and Life Trust and Louisiana-Hunt Petroleum Corporation and damages, penalties, and attorney's fees arising out of or in any way connected with the disability alleged to result from the accidents of July 17, 1983 and/or January 24, 1985 and any and all other costs, expenses or damages received or sustained by Johnny Barnhill as a result thereof.... (Emphasis Added.)'"
Thereafter, on January 26, 1986, Barnhill was hospitalized incurring the $11,663.81 in medical expenses he seeks to recover in the present suit. Consolidated resisted his demand urging res judicata and release from any further liability by virtue of the compromise agreement of October 15, 1985. The trial judge sustained defendant's exception and dismissed plaintiff's suit. Barnhill appeals urging that he did not intend to release Consolidated from the obligation to pay medical expenses, but only to release defendant as to disability benefits. We affirm.
In Sauerwin v. State Farm Mutual Automobile Insurance Company, 490 So.2d 449 (La.App. 5th Cir.1986), our brethren of the Fifth Circuit stated:
"Louisiana R.S. 13:4231, formerly Civil Code article 2286, states:
Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The First Circuit, in Higgins v. State of Louisiana, Department of Health and Human Resources, 451 So.2d 142 (La.App. 1st Cir.1984), outlined the jurisprudence with respect to compromise and the exception of res judicata;
A compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent. LSA C.C. art. 3071. As noted in the recent case of Smith v. Leger, *1117 439 So.2d 1203, 1206 (La.App. 1st Cir.1983):
A compromise agreement extends only to those matters which the parties expressly intend to settle. La.C.C. art. 3073; Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir. 1975). Ordinarily, the meaning and intent of the parties to a written contract (such as a written compromise agreement) must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982), writ denied, 422 So.2d 423 (La.1982). An exception to this rule exists when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement. La.C.C. art. 3079; Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Munna v. Mangano, 404 So.2d 1008 (La.App. 4th Cir.1981).
A compromise or transaction has, between the parties, the effect of a thing adjudged. LSA C.C. art. 3078. A release of a claim in exchange for consideration received is, in effect, a compromise which can constitute the basis of a plea of res judicata. Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La. App. 1st Cir.1975).
The requisites necessary to sustain a plea of res judicata are enumerated in LSA C.C. art. 2286: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same: the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." The absence of any one of these elements is fatal to an exception of res judicata; further, res judicata is stricti juris and a second suit is not barred where there is any doubt as to the applicability of Article 2286. First Guaranty Bank v. Durham, 409 So.2d 380 (La.App. 4th Cir.1982).
The Fourth Circuit, in a similar case, Ellison v. Michelli, 513 So.2d 336, at pg. 339 (La.App. 4th Cir.1987), concluded:
"Compromises are favored in the law and the burden of proving the invalidity of a compromise is on the party attacking the agreement. Saunders v. New Orleans Public Service, Inc., supra [387 So.2d 603 (La.App. 4th Cir.1980)]. When there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, the appellate court should not disturb this factual finding on review in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979)."
The trial judge concluded in written reasons for judgment as follows:
"The Receipt and Release executed by Barnhill on October 15, 1985, released `... Consolidated Medical Disability and Life Trust, ... for the payment of disability benefits under the long term disability plan provided by Consolidated Medical, Disability and Life Trust ... and damages penalties, and attorney's fees arising out of or in any way connected with the disability alleged to result from the accidents of July 17, 1983 and/or January 24, 1985 and any and all other costs, expenses or damages received or sustained by Johnny Barnhill as a result thereof.' By his testimony, Barnhill has acknowledged that the claim sued upon arose as a result of the automobile accident of January 24, 1985.
The language of the release is so broad that it clearly covers the liability sued upon. Barnhill neither struck out the offensive language, nor did he attempt to limit its effect. Additionally, he was represented by the same counsel throughout all the proceedings. Whether he felt satisfied with the settlement, was not aware of the possible future medical expenses, or simply expected to recover them in the tort action does not matter. For whatever reason, he executed an undeniably plain language release and is bound thereby."
*1118 We find no clear error in the trial court's conclusion.
For the reasons stated, the judgment of the trial court is affirmed. Costs of this appeal are taxed against plaintiff-appellant.
AFFIRMED.