591 So.2d 1366 (1991)
Leon R. TARVER III, Secretary for the Department of Revenue and Taxation
v.
OLIVER H. VAN HORN CO., INC.
No. 90-CA-1757.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
Writ Denied March 20, 1992.
*1367 Marlin N. Gusman, Dept. of Revenue and Taxation, State of La., Baton Rouge, for plaintiff/appellant.
Charles Emile Bruneau Jr., New Orleans, for defendant/appellee.
Before ARMSTRONG and PLOTKIN, JJ., and GULOTTA, J. Pro Tem.
ARMSTRONG, Judge.
Plaintiff, Leon R. Tarver III, in his capacity as Secretary of the Louisiana Department of Revenue and Taxation, appeals the judgment of the trial court sustaining a peremptory exception of res judicata in favor of defendant, Oliver Van Horn, Co., Inc. We now affirm.
This case involves a suit for Louisiana general sales taxes allegedly collected by Oliver Van Horn Co., Inc. (Van Horn) on its retail sales, but not remitted to the State of Louisiana. The suit covers the period from November 1979 through December 1982. The plea of res judicata sustained by the trial court was based upon a joint motion to dismiss an assessment against Van Horn by the Louisiana Department of Revenue and Taxation for penalties and disputed interest relating to collected and unremitted sales taxes for the period January 1, 1983 to May 31, 1986. The court found that the motion reflected a compromise or transaction agreement between the parties on the issue of all taxes due before May 31, 1986. A history of that proceeding is necessary to understand the issues in the appeal before us.
On September 16, 1986, the Department of Revenue and Taxation mailed a letter to Van Horn requesting that it furnish certain records for the period January 1, 1976 through March 31, 1986. On September 24, 1986, Van Horn's attorney replied, noting that there was a a three-year prescription on the taxes in question. La. Const. Art. 7, § 16 provides that taxes, other than those on real property, prescribe in three years after the 31st day of December in the year in which they are due. On the face then, at that time, the Department could only get unremitted taxes on sales during the period January 1, 1983 to December 31, *1368 1986. It was the Department's position, however, that, under the case of Sabine Pipe & Supply Co. v. McNamara, 411 So.2d 1167 (La.App. 1st Cir.1982), writ denied, 414 So.2d 1254 (La.1982), taxes collected but not remitted could be recovered by the State after the prescriptive period had run.
On October 1, 1986, the Department issued an administrative subpoena to Van Horn requesting business records for the purpose of determining civil and criminal liability for sales taxes collected and not remitted for the period from August 1, 1976 through December 31, 1982. On October 22, 1986, Van Horn's attorney informed the Department that, because of the three-year prescription, his client was refusing to supply the requested records.
On October 24, 1986, Van Horn filed amended returns for the period January 1, 1983 to May 30, 1986, remitting $20,655.16 in sales taxes and interest. Van Horn protested the penalties and disputed the Department's calculation of interest. On December 4, 1986, the Department notified Van Horn that it was proposing to formally assess it for sales taxes collected but not remitted for the period January 1, 1983 to May 31, 1986, plus interest and penalties. The Department credited Van Horn for the payments sent along with the amended returns, leaving a balance claimed in the amount of $3,067.18. The assessment was made, and on February 17, 1987, Van Horn appealed to the Board of Tax Appeals. As stated in Van Horn's brief in the instant case, its appeal before the Board of Tax Appeals was entitled "Appeal for Redetermination of Assessment of Louisiana General Sales Tax."
Following a settlement conference, on July 22, 1987, the Department and Van Horn, by joint motion, dismissed Van Horn's appeal pending in the Board of Tax Appeals. The joint motion recited:
On joint motion of petitioner, OLIVER H. VAN HORN COMPANY, INC., and respondent, SECRETARY OF REVENUE AND TAXATION, appearing herein through their respective undersigned counsel, and on suggesting to the Board that the respective parties have met and that all differences have been resolved, and that all monies due to the State of Louisiana, through the Department of Revenue and Taxation by peititoner for Louisiana general sales tax for periods before May 31, 1986, were paid by peititoner when it filed its amended return, and that, accordingly, the appeal is moot and these proceedings should be dismissed.
The instant suit was filed on November 20, 1989. Trial of the exception of res judicata was held on March 9, 1990, and judgment sustaining same was rendered on that date.
At the time of the trial of Van Horn's exception of res judicata La.R.S. 13:4231 provided:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The absence of any one of these elements is fatal to an exception of res judicata. First Guaranty Bank v. Durham, 409 So.2d 380 (La.App. 4th Cir.1982).
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent. La.C.C. art. 3071. A compromise or transaction has, between the parties, the effect of a thing adjudged. La.C.C. art. 3078; Barnhill v. Consolidated Medical, Disability & Life Trust, 569 So.2d 1115 (La.App. 3rd Cir.1990), writ denied, 572 So.2d 93 (La.1991). An exception of res judicata is the proper procedural vehicle when a suit is barred by a valid written compromise or transaction. Watkins v. Sentry Insurance Co., 502 So.2d 1132 (La. *1369 App.4th Cir.1987). The plaintiff against whose action the exception of res judicata is directed may introduce evidence of a defense to the compromise agreement without the necessity of filing replicatory pleadings or a prior independent action to annul the compromise. Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967).
Transactions and compromises regulate the differences which appear clearly to be comprehended in them by the parties and they do not extend to differences which the parties never intended to include in them. La.C.C. art. 3073. A compromise is valid if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. Munna v. Mangano, 404 So.2d 1008 (La.App. 4th Cir.1981). Ordinarily, the meaning and intent of the parties to a written contract must be determined by looking within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 1848; Olivier v. Xavier University, 553 So.2d 1004 (La.App. 4th Cir.1989), writ denied, 556 So.2d 1279 (La.1990). An exception to this rule exists when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement. La.C.C. art. 3079; Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Munna v. Mangano, supra.
The trial court found that the joint motion to dismiss Van Horn's administrative appeal had a dual character. It served as a dismissal of the appeal, but also constituted a compromise agreement between the parties. The dispositive issue is whether or not the parties intended by the motion to resolve all disputes relating to Louisiana general sales taxes before May 1986, as the clear language of the motion states, or whether the parties intended only to resolve the dispute relating to taxes between the period from January 1, 1983 to May 1986, as argued by the Department. If the parties intended to resolve all questions of back taxes before May 1986, then the exception of res judicata was properly sustained. That is, the parties would be the same in the compromise and the instant suit; the object of the compromise would encompass the object of the instant suit; the same thing would be demanded in the instant suit as had been in dispute; and the demand would have been founded on the same cause of action. La.R.S. 13:4231. On the other hand, if both parties did not intend to resolve all differences as to taxes before May 31, 1986, the demand in the instant suit is clearly not the same as was the claim which was resolved by the compromise, and the exception of res judicata must fail.
The trial court's finding that the parties intended to resolve their differences relating to all taxes before May 31, 1986 is a finding of fact. As such it may not be disturbed unless the evidence does not furnish a sufficient basis for the finding, or, even if it does, that finding is nevertheless clearly wrong. Ellison v. Michelli, 513 So.2d 336 (La.App. 4th Cir.1987); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The record clearly reflects that there was a bona fide dispute between the parties concerning sales taxes collected but not remitted before May 31, 1986, back to 1976. This is evidenced by communications between the Department and counsel for Van Horn. The September 16, 1986 letter specifically requested records for the "the period January 1, 1976 through March 31, 1986." Because of the dispute over the issue of the three-year prescription, Van Horn apparently turned over only those business records for the period beginning in January 1983. As a result, the Department issued an administrative subpoena for records pertaining to "the period August 1, 1976 through December 31, 1982." On the return date of the subpoena, October 22, 1986, counsel for Van Horn notified the Department that it would not turn over *1370 these records, and two days later, on October 24, 1986, Van Horn filed the amended returns along with a payment of over $20,000.00 for general sales taxes and interest for the period January 1, 1983 to May 31, 1986.
It is also clear and undisputed that the later formal assessment and appeal of that assessment was only with regard to taxes for the period January 1, 1983 to May 31, 1986. The appeal before the Board of Tax Appeal was limited to that formal assessment. However, the wording of the compromise agreement is clear and unambiguous. It reflects a settlement of the dispute relating to all taxes and monies owed the Department of Revenue and Taxation.
Based upon the evidence contained in the record, we are unable to say that the trial court was clearly wrong in finding that the joint motion to dismiss the appeal of the formal assessment reflected also a settlement of all taxes and monies due the State.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.