747 So.2d 1227 (1999)
Barbara HOOVER
v.
Dr. Roy BOUCVALT and CNA Insurance Company.
No. 99-CA-0867.
Court of Appeal of Louisiana, Fourth Circuit.
November 24, 1999.
Writ Denied February 18, 2000.
*1228 Barbara Hoover, New Orleans, Louisiana, Plaintiff-Appellant, in proper person.
Richard G. Duplantier, Jr., Michael J. Ecuyer, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, Louisiana, Counsel for Defendant-Appellee.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III, and Judge MIRIAM G. WALTZER.
BYRNES, Judge.
Plaintiff-appellant, Barbara Hoover, sued the defendants-appellants, Dr. Roy Boucvalt, the landlord, and his insurers, CNA Insurance Company and Valley Forge Insurance for damages allegedly *1229 sustained when she suffered a fall in the stairwell of her rented house. Ms. Hoover entered into a compromise agreement with the defendants which she subsequently sought to set aside by Motion for a New Trial. The Civil District Court for the Parish of Orleans, refused to rescind the compromise and denied the motion. Plaintiff appeals. We affirm.

FACTS
On July 18, 1993, Barbara Hoover was allegedly descending the stairs in her rented house at 2464 Royal Street. The railing broke, sending Ms. Hoover tumbling down the stairs. As a result her eardrum was ruptured, her tailbone was broken, and she was extensively bruised.
On October 15, 1993, she sued Dr. Boucvalt and his insurers. Later, Ms. Hoover added a new defendant, Soniat Realty.
On June 25, 1998, the court held a final pre-trial conference. The plaintiff appeared unrepresented. At this meeting the parties entered into a final settlement on the record. However, the plaintiff indicated that although she did not wish to proceed with trial she was not entirely content with the sum of $73,000, plus the additional waiver of a $5,000 judgment against her for unpaid rents to the landlord.
On that same date, when asked under oath if she agreed freely and voluntarily to the settlement, Ms. Hoover responded first "having no choice, yes." When asked again, she responded "yes, I am."
On August 31, 1998, the compromise agreement was entered into the court records. Simultaneously, all claims of Barbara Hoover against the defendants were dismissed with prejudice. At that time, the funds were deposited with the registry of the court.
On September 9, 1998, after refusing the settlement, the plaintiff filed this appeal.

DISCUSSION
The issues raised by the appellant fall into two categories. The first is whether a valid settlement was reached between the appellant and the appellees. The second is a composite of numerous miscellaneous assertions made by the appellant in her twenty-six page narrative appeal that were not specifically presented as assignments of error.

VALID SETTLEMENT
The first issue is whether a valid settlement was reached between the appellant and the appellees. La. C.C. art. 3071 provides "[a] transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." Ortego v. State of Louisiana Department of Transportation and Development, 689 So.2d 1358, 1363 (La. 1997); Brown v. Drillers, Inc., 630 So.2d 741, 747 (La.1994).
The appellant made the conscious decision to accept the settlement sum offered in order to avoid going to trial on July 15, 1998. She does not dispute that she stated on the record that she did not wish to go to trial at that time. Even if she did not feel that the $73,000 sum offered was satisfactory, she felt that it was preferable to the alternative of trying the case at that time. Likewise, the appellees wanted to finally resolve this case that had been looming over them for five years. Clearly, it was worth $73,000 to them to dispose of it and avoid trial.
La. C.C. art. 3071 does require that the "contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding."
Here, the contract was recited in open court. The settlement specified that an outstanding $5,000 judgment against appellant by her former landlord, Dr. Roy Boucvalt, would be waived, in addition to the agreed upon sum of $73,000. The appellees agreed to the contract. The appellant *1230 initially acquiesced by responding "Yes. Having no choice." When asked a second time by the judge if she was "entering into the agreement freely and voluntarily", she simply replied "yes."
A compromise agreement may only be rescinded or set aside where one of the following has been shown: (1) error in the person, (2) error on the matter in dispute, (3) fraud or violence (duress). See Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741, 748; see also Halford v. Dugas, 422 So.2d 693, 694 (La.App. 3 Cir.1982); see also Matthew v. Melton Truck Lines, Inc., 310 So.2d 691, 692 (La.App. 1 Cir. 1975).
In Brown v. Drillers, Inc., error in the person is stated to be one of the three grounds for rescission of a compromise agreement pursuant to La. C.C. art. 3078. However, the appellant does not allege that there been any such error. She does not dispute her testimony accepting the settlement.
Brown v. Drillers, Inc., involved an error in the matter in dispute under La. C.C. art. 3078. The compromise agreement covered an accident resulting from a fall on a drilling rig. However, the wrongful death claim was not affected because the death was not anticipated when the agreement was confected. The error on the matter in dispute was the assertion that the wrongful death action was covered by the compromise agreement. The matter settled was the decedent's injury but not the loss of his life. The court held that the wrongful death claim was not compromised before the victim actually died. Although a pre-death release is permissible, the court required that the agreement unequivocally reflect that the parties contemplate release of the death claim.
In the present case, the appellant does not allege specific error on the matter in dispute. However, she does claim that certain "medicals" were not figured into the settlement figure. First of all, this is not an error in the matter on dispute. It is the same cause of action in dispute. Her claim merely relates to a factual dispute as to quantum. Moreover, this is irrelevant. Had appellant proceeded with a trial on the merits and prevailed, the precise amount of the damages would have been assessed. She elected to forego that option with its inherent risks in favor of a guaranteed settlement of $73,000. In doing so, the issue of specific medical bills became a moot point.
In Brown v. Drillers, Inc., the third ground is fraud or violence. Likewise, in Carlton v. Great American Insurance Company, 273 So.2d 655 (La.App. 4 Cir. 1972), the court stated that a compromise agreement may be rescinded in the case of fraud, e.g., if the party were induced to agree to a compromise on the basis of an error of fact that the other party knowingly concealed. In that case, the victim of an automobile accident entered into a settlement based on the false representation that defendant had only minimal insurance coverage. The settlement was declared null and void because of the false representation.
In the present case the appellant argues that the settlement should be set aside for both fraud and duress. She argues that the agreement was fraudulent claiming that additional relevant discussion took place off the record in the judge's office and that in the course of this discussion she was essentially coerced into accepting the offer. She also implies that she was placed under duress and agreed under oath to the settlement for this reason.
With respect to the fraud claim, Ms. Hoover claims that off the record the judge informed her that she would never "see a penny from the case if she did not settle then and there." The appellant bears the burden of proving the invalidity of the settlement agreement. Fascio v. Lee, 94-1149, p. 4 (La.App. 4 Cir. 2/23/95), 650 So.2d 1236, 1238. Appellant failed to submit any acceptable evidence supporting her allegations of fraud. Moreover, appellant was not without an option. While under oath, she could simply have refused to accept the offer and proceeded with *1231 trial. Later, if she felt the outcome were unjust, she would have the right to appeal.
The pressures that plaintiff implies were exerted on her to force the outcome were that: (1) she must proceed with trial, (2) she might proceed with trial and lose unjustly, and (3) financial duress.
As to the first of these elements of duress, the plaintiff, of her own accord, postponed trial three times over a five year period by dismissing her various attorneys and by agreeing to mediate the claim. She had ample opportunity to find and retain a satisfactory attorney during that time. Furthermore, it is inequitable to the defendants to allow her to postpone resolution of the matter indefinitely. The defendants were willing to either settle the matter for the figure presented or proceed with trial. At a conference held on April 16, 1998, the parties were informed that the trial would proceed without further continuances on July 15, 1998. This allowed the plaintiff three months in which to prepare her case for trial, not to mention the four and one-half years that had already elapsed since plaintiff filed her original petition on October 15, 1993. If the plaintiff felt at the conference held on June 25, 1998, that she was unprepared to proceed to trial three weeks hence on July 15, 1998, as scheduled, she had only herself to blame. It is not as though the conference of June 25, 1998, were an initial conference. Nor was she told that if she did not settle there and then that the alternative was to walk immediately out of the judge's chambers into the courtroom for a trial that was not to take place until three weeks in the future. There is no merit in this contention.
The second element of duress alleged is that the outcome of the trial would be decided against Ms. Hoover unjustly. Again, we find no merit in this claim. If the appellant believed that the outcome was in error, she could have exercised her right to appeal the final judgment, just as she does here. The difference, however, is that here she acquiesced in the outcome by agreeing to the settlement.
Finally, the third pressure implied was that of financial duress. However, this court has already held that "the claim of financial straits does not give rise to duress." Shepherd v. Allstate Insurance Co., 562 So.2d 1099, 1101 (La.App. 4 Cir. 1990).
A party cannot claim duress based on the choice between reaching a compromise agreement and going to trial. The expense and uncertainty of trial is the very stuff of which settlements are made. Expense and uncertainty may cause stress and pressure, but they do not constitute legal duress. Without such stress, pressure, expense and uncertainty there would be no reason to settle.
The law strongly favors compromise agreements between parties and will not invalidate such settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud. State of Louisiana, Department of Social Services v. Southern Baptist Hospital, 94-2228 (La.App. 4 Cir. 10/12/95), 663 So.2d 443, writ denied, 95-2751 (La.1/26/96), 666 So.2d 676. Here, no such showing was made.
Accordingly, we find that plaintiff has failed to prove that the compromise agreement that is the subject of this appeal is invalid.

OTHER ASSERTIONS
The appellant made numerous other assertions in her twenty-six page narrative "statement of the facts." She alleges many causes of action against various entities directly or tangentially involved in the present action, as well as against some who are not. She also includes an appendix that incorporates her own version of the evidence outside of that in the trial record.
The appellant made numerous allegations relating to her prior attorney, Harry Forst. These allegations are not properly part of this appeal.
*1232 Ms. Hoover also asserts that the mediator who conducted the session between her and appellees made telephone calls to her "medical service providers" to pressure her to accept the settlement. There is nothing in the record to support this allegation.
The appellant claims that the defense attorneys in this suit behaved unethically by sharing information about her with the defense attorney representing the defendants in another lawsuit to which she is also the plaintiff. Such information is not privileged. Moreover, it is not relevant to the judgment that forms the basis of this appeal.
Accordingly, we find no merit in the non-settlement issues raised by Ms. Hoover.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.