United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30252
Summary Calendar

JOSEPH OLLIE DEVILLE; ET AL,

Plaintiffs,

JOSEPH OLLIE DEVILLE

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, on behalf of United States
Department of Veterans Affairs; CHG COMPANIES INC.; ARTHUR
CARL PLAUTZ, JR, Contract Doctor,

Defendants-Appellees,

HUNTER & MORTON; JOHN E. MORTON,

Intervenors-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(No. 1:04-CV-614)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Joseph Ollie Deville appeals the district court's denial of his motion to set aside the settlement of his medical malpractice suit and the district court's grant of the defendants' motion to enforce that settlement. Deville argues that he was coerced to settle. Finding no merit in Deville's argument, we affirm.

## I. FACTS AND PROCEEDINGS

In an attempt to resolve this Federal Tort Claims Act ("FTCA") lawsuit stemming from alleged malpractice visited upon Deville during treatment at a Department of Veterans Affairs hospital, the parties employed a mediator. At the culmination of a day-long mediation, Deville entered into a binding settlement with the defendants: the United States, CGH Companies, and Dr. Carl Plautz. The district court then dismissed the lawsuit, subject to reopening if the settlement was not consummated within sixty days. Apparently deciding that the settlement was unfavorable, Deville, acting *pro se*, filed a motion in letter form seeking to set aside the settlement. Deville argued that he was coerced into settling through the efforts of his attorney, John Morton. In particular, Deville alleged that at various times during the mediation Deville sought to leave but Morton physically prevented him from doing so and verbally pressured him to settle. Deville also complained that the mediation occurred soon after he underwent invasive knee surgery and that he was thus in constant pain throughout the mediation. Deville argued that this combination of events effectively coerced his consent to settle. After a response from the United States, CGH Companies, and Plautz, the district court received testimony from

some of the individuals present at the mediation.[1] Morton testified that he did not block Deville's attempted exit from the mediation room and that Deville knowingly accepted the terms of the settlement. The mediator, Bernard McLaughlin, denied that Deville was physically intimidated, testified that he thought Deville understood the issues being discussed, and testified that he remembered discussing with Deville that he did not have to agree to settle and could leave at any time. McLaughlin further testified that Deville never protested about knee pain interfering with his ability to participate in the mediation. McLaughlin also remembered discussing the terms of the agreement with Deville.

The district court found Morton and McLaughlin's version of events credible and declined to set aside the settlement. The court emphasized that Deville was free to leave the mediation at any time and did not do so, found that events described by Deville were "not supported by the testimony of any other party to the mediation," and found that Deville was a "savvy businessman" who entered into a compromise of a disputed claim "with full knowledge of the consequences of that settlement."

## II. STANDARD OF REVIEW

As the defendants correctly point out, the district court's decision that Deville's settlement was enforceable involved factual determinations; these determinations are reviewed for clear error. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) (affirming a district court's denial of a motion to enforce a settlement as not "clearly

---

[1]The district court heard live testimony from Deville and Morton. The mediator, Bernard McLaughlin, testified by deposition.

3

erroneous" after the district court found that the settlement discussion did not result in a meeting of the minds); *see also* FED. R. CIV. P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."). The ultimate decision to grant a motion to enforce a settlement agreement is reviewed for abuse of discretion. *See Bell v. Schexnayder*, 36 F.3d 447, 450 (5th Cir. 1994) ("[W]e do not believe that the court abused its discretion in . . . enforcing the settlement agreement."); *see also Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645 (6th Cir. 2001) (reviewing for abuse of discretion); *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999) (same).

## III. DISCUSSION

The Fifth Circuit has not decided which law applies to govern the enforceability of the settlement of FTCA cases: federal common law or the law of the state where the alleged tort occurred, here, Louisiana. Another circuit has held that the law of the state where the tort occurred applies to settlement disputes in FTCA cases. *Reo v. United States Postal Serv.*, 98 F.3d 73, 76 (3d Cir. 1996). This court has held in a non-FTCA case that a dispute regarding the settlement of a claim arising under Title VII is governed by federal common law. *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 n.2 (5th Cir. 1981) (citing cases and noting that "[t]his conclusion accords with the law in other areas of federal question jurisdiction" such as claims brought pursuant to the Federal Employers' Liability Act, federal antitrust laws, and federal maritime law); *see also Gamewell Mfg., Inc. v. HVAC Supply, Inc.*, 715 F.2d 112, 113–16 (4th Cir. 1983) (applying federal law to resolve "settlement issues" raised in a patent infringement lawsuit).

4

We need not decide whether this court should adopt *Reo* or whether it should extend *Fulgence* to settlements of claims brought pursuant to the FTCA, which is a federal law remedy that relies on the substantive law of the state where the tort occurred. *See Molzof v. United States*, 502 U.S. 301, 305 (1992). Under Louisiana[2] or federal law,[3] Deville's argument has no merit. Deville contends, as he did to the district court, that the settlement was arrived at by fraud and that this assertion is supported by his version of events; as a corollary, Deville argues that Morton and McLaughlin's version of events is false. After reviewing the record and the briefs, we hold that the district court did not err in its findings. The district court, when presented with two conflicting versions of events, credited Morton and McLaughlin's version. Deville has made no argument that convinces us that the district court clearly erred in making this determination. *See Perez v. United States*, 830 F.2d 54, 58–59 (5th Cir. 1987) (affirming a finding of comparative negligence by the plaintiff when conflicting evidence was presented); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). In Morton

---

[2]Louisiana law provides for rescission of a compromise agreement for fraud or duress. *See Hoover v. Boucvalt*, 747 So.2d 1227, 1230 (La. Ct. App. 1999).

[3]The federal law that governs whether a contract exists "uses the core principles of the common law of contracts that are in force in most states." *Smith v. United States*, 328 F.3d 760, 767 n.8 (5th Cir. 2003) (internal quotation and alteration omitted). These core principles can be derived from the Restatements. *See Gamewell Mfg., Inc. v. HVAC Supply, Inc.*, 715 F.2d 112, 116 (4th Cir. 1983) (looking to RESTATEMENT (SECOND) OF CONTRACTS to determine the "federal rule"). Under the common law, a contract is voidable by the victim of duress. *See* RESTATEMENT (SECOND) OF CONTRACTS § 175 (1981).

5

and McLaughlin's version of events, Deville was not coerced to settle. The district court did not abuse its discretion in granting the defendants' motion to enforce the settlement agreement.

AFFIRMED.