| | | |
|---|---|---|
| **RUSSELL KELLY** | * | NO. 2023-CA-0285 |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **NYAH JACKSON, ROBERT T.** | * | |
| **BERGERON, CATHY** | | **FOURTH CIRCUIT** |
| **SHEARER AND CRESCENT** | * | |
| **TITLE LLC, ET AL.** | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08201, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

**LOBRANO, J., CONCURS IN THE RESULT**

Russell Kelly
1639 N. Robertson Street
New Orleans, LA 70116

    PRO SE PLAINTIFF/APPELLANT

Clarence Roby, Jr.
LAW OFFICES OF CLARENCE ROBY, JR., APLC
1812 Hancock Street
Gretna, LA 70053

Matthew R. Emmons
BERGERON DOUGLASS FROSCH & MACK
220 W. Thomas Street
Hammond, LA 70401

    COUNSEL FOR DEFENDANTS/APPELLEES

                                            **AFFIRMED**
                                **SEPTEMBER 27, 2023**

Pro Se Appellant/Plaintiff, Russell Kelly (hereinafter "Mr. Kelly") seeks review of the trial court's January 12, 2023 judgment granting a peremptory exception of no cause of action filed by Appellees/Defendants.[1] After consideration of the record before this Court and applicable law, we affirm the trial court's January 12, 2023 judgment.

## Facts and Procedural History

This appeal stems from the sale of immovable property located at 1624 North Dupre Street, New Orleans, Louisiana (hereinafter "the Property'). On April 24, 2019, Mr. Kelly executed a Deferred Loan and Lien Agreement in favor of Appellee/Defendant, Nyah Jackson (hereinafter "Mrs. Jackson"). The agreement provides that Mrs. Jackson would advance $39,787.00 to Mr. Kelly for payment of the Property's 2013-2019 taxes. According to the agreement, Mr. Kelly would sell the Property to Mrs. Jackson for $82,006.00, subject to a $39,787.00 credit, free of

---

[1] Appellees/Defendants include the following: Crescent City Title, L.L.C., Ryan Bergeron, Jason Hernandez, Cathy Shearer, and Nyah Jackson.

all liens and encumbrances. The agreement granted a mortgage (hereinafter "the Mortgage") to Mrs. Jackson as security for her loan and encumbered the Property.[2]

On August 26, 2022, Mr. Kelly sold the property to Sea Breeze Homes, L.L.C. (hereinafter "Sea Breeze Homes") for $180,333.00. In preparation for the sale, Sea Breeze Homes selected Crescent City Title, L.L.C. (hereinafter "Crescent City Title") as the title company and closing agent. Prior to closing, Crescent City Title discovered that the Property was encumbered by the Mortgage. Crescent City Title contacted Mrs. Jackson, as the Mortgage holder, requesting a pay-off amount. Mrs. Jackson advised Crescent City Title that the pay-off amount was $52,041.89. While the facts are somewhat unclear as to the exact timing, it appears that Mrs. Jackson informed Crescent City Title and changed the payoff amount to $80,000.00 within twenty-four hours of the closing. Ultimately, Crescent City Title prepared a HUD-1 Settlement Statement (hereinafter "the HUD-1"), listing a payoff amount to Mrs. Jackson in the amount of $80,000.00. Mr. Kelly signed the HUD-1 and the Property was sold to Sea Breeze Homes.

On September 1, 2022, Mr. Kelly filed a "Petition for Recovery of Cash to Seller, Negotiation Fees, and Punitive Damages" naming Mrs. Jackson, Robert J. Bergeron (hereinafter "Mr. Bergeron"), Cathy Shearer (hereinafter "Mrs. Shearer") and Crescent City Title as defendants. The petition alleges that Mr. Kelly was pressured by Mrs. Jackson to sell the property and that she "financially inflated her promissory note by $42,219.00." The petition also urges that Mr. Bergeron, Mrs.

---

[2] Mr. Kelly requested two extensions of time to comply with the terms of the Mortgage. Mr. Kelly's first request was on May 29, 2020 and his second request was on April 1, 2022. Mrs. Jackson agreed to grant both extensions.

Shearer, and Crescent City Title "intentionally and inaccurately" listed $80,000.00 as the Mortgage pay-off amount on the HUD-1.

In response Crescent City Title, Mr. Bergeron, and Mrs. Shearer filed an exception of no cause of action averring that Mr. Kelly failed to state a cause of action and improperly named Mr. Bergeron as a defendant. Specifically, Crescent City Title asserts that Jason P. Hernandez (hereinafter "Mr. Hernandez"), not Mr. Bergeron, was the closing attorney for the sale. The exception also alleges that Mr. Kelly's petition contains legal conclusions which have no factual basis.

On October 27, 2022, Mr. Kelly amended his petition naming Mr. Hernandez as an additional defendant and requesting approximately $1,700,000.00 in punitive damages. Crescent City Title re-urged its exception of no cause of action, maintaining that Mr. Kelly's amended petition fails to state a cause of action as it only adds conclusory words and emphasizes conclusory allegations with "bold and italics." As to the request for punitive damages, Crescent City Title argues that Mr. Kelly has no legal right to punitive damages. Mrs. Jackson adopted and joined Crescent City Title's re-urged exception. [3]

After several continuances and amendments to the original petition, Crescent City Title's exception was heard on January 12, 2023.[4] The trial court granted the exception of no cause of action finding that Mr. Kelly's petition, including amendments, failed to state a valid cause of action. This appeal followed.

---

[3] Mrs. Jackson filed a motion requesting to adopt Crescent City Title's exception. Thus, the exception of no cause of action pertains to all defendants.

[4] The record contains a transcript from a December 1, 2022 hearing. The trial court noted that the exception was originally scheduled to be heard in October, but because of a "few problems" could not be heard. The trial court gave Mr. Kelly "additional time to amend or make it clear what the cause of action was" within his petitions and "strongly recommended" Mr. Kelly obtain an attorney.

**Standard of Review**

A trial court's ruling on an exception of no cause of action is reviewed *de novo*. *Herman v. Tracage Dev., L.L.C.,* 2016-0082, p. 4 (La.App. 4 Cir. 9/21/16), 201 So.3d 935, 939.

**Discussion**

Mr. Kelly lists ten assignments of error asserting a variety of allegations including bias by the trial court and coercion by Mrs. Jackson and Crescent City Title. As an appellate court, we are confined to consider the legal basis of this appeal. *See generally Hawthorne v. Tulane Med. Ctr.,* 2022-0362, p. 9 (La.App. 4 Cir. 12/12/22), 367 So.3d 689, 696 (holding that this Court is tasked with only reviewing the issues properly brought before it on appeal). We therefore frame the pertinent inquiry as follows: whether the trial court erred in granting Crescent City Title's exception of no cause of action.

"The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition." *Scheffler v. Adams & Reese, LLP*, 2006-1774, p. 4 (La. 2/22/07), 950 So.2d 641, 646. "When deciding an exception of no cause of action, a court considers only the petition for damages, amendments to the petition for damages and any documents attached to the petition for damages." *Lawrason v. St. Bernard Par. Pub. Sch. Dist.*, 2022-0319, p. 8 (La.App. 4 Cir. 11/9/22), 351 So.3d 814, 821, *writ denied*, 2023-00103 (La. 4/14/23), 359 So.3d 34, *reconsideration not considered*, 2023-00103 (La. 6/21/23), 362 So.3d 427.

"The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Ross v.*

4

*State through Univ. of Louisiana Sys*., 2022-0382, p. 8 (La.App. 4 Cir. 11/18/22), 352 So.3d 90, 94-95 (quoting *Green v. Garcia-Victor*, 2017-0695, p. 5 (La.App. 4 Cir. 5/16/18), 248 So.3d 449, 453). The court must look to the four corners of the petition to determine whether the operative facts pled give rise to plaintiff's right to judicially assert the action. *See Ross,* 2022-0382, p. 9, 352 So.3d at 95; *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993). "The pertinent inquiry is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's favor, the petition states a valid cause of action for relief." *Reynolds v. Bordelon*, 2014-2362, p. 6 (La. 6/30/15), 172 So.3d 589, 595. The mover has the burden of establishing that the petition fails to state a cause of action. *Id*.

Mr. Kelly argues that Crescent City Title and Mrs. Jackson coerced him into signing the HUD-1 by exerting duress and pressure. In order to prove that he was coerced into signing the HUD-1, Mr. Kelly must prove the law affords a remedy on the facts alleged in his petition. He must allege facts indicating his consent, in signing the HUD-1, was vitiated by the actions of Mrs. Jackson and Crescent City Title. *See* La. C.C. art. 1948. Duress vitiates consent when it creates a reasonable fear of unjust and considerable injury to a party's person, property, or reputation. La. C.C. art. 1959.

Mr. Kelly submits that Crescent City Title aided Mrs. Jackson's coercion by privately negotiating a pay-off amount inconsistent with the debt owed pursuant to the Mortgage. We have reviewed the petitions; yet, we are unable to derive a valid or cognizable cause of action. The HUD-1, signed by Mr. Kelly and attached to his petition, vitiates Mr. Kelly's allegations. The HUD-1 provides, in pertinent part:

5

> I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Mr. Kelly does not dispute that he signed the HUD-1 nor does he provide any facts alleging that Mrs. Jackson and Crescent City Title exerted "duress and pressure" upon him. Mr. Kelly has failed to demonstrate how Mrs. Jackson informing Crescent City Title of the Mortgage pay-off amount, required him to sign the HUD-1. A party cannot claim duress based on the choice to reach a compromise, i.e. signing the HUD-1. *See Hoover v. Boucvalt*, 1999-0867, p. 7 (La.App. 4 Cir. 11/24/99), 747 So.2d 1227, 1231. We find Mr. Kelly's petitions contain conclusions unsupported by facts and fails to set forth a cognizable cause of action. *See Reynolds,* 2014-2362, p. 6, 172 So.3d at 595 (applying "Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action"). Accordingly, we find the trial court did not err in granting Crescent City Title's exception of no cause of action.

### **<u>Decree</u>**

For the foregoing reasons the trial court's January 12, 2023 judgment is affirmed.

**AFFIRMED**